UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PROGRESSIVE SELECT INSURANCE
COMPANY,

   Petitioner,       Case No: 3:13-cv-402-J-32MCR

vs.

MICHAEL DUNN, individually, et al.,

   Respondents
_____/

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE
OF PROCESS ON RESPONDENT DUNN OR, IN THE ALTERNATIVE,
TO DEEM SERVICE TIMELY AND MEMORANDUM OF LAW**

  Petitioner, PROGRESSIVE SELECT INSURANCE COMPANY, ("Progressive") by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 4 and Local Rule 3.01, files its unopposed motion seeking entry of an Order extending the 120-day time for service of process on the Respondent, Michael Dunn, or in the alternative, to deem the service on Michael Dunn of the summons and Petition for Declaratory Relief effected on August 29, 2013, to be timely. In support of its motion, Progressive states as follows:

  1. This litigation is a claim for declaratory relief filed by Progressive against its insured, Michael Dunn ("Dunn"), and others, seeking a declaration by the Court of the rights and responsibilities of the parties under a policy of insurance issued by Progressive to Dunn ("the Policy") in relation to a shooting incident that occurred in Jacksonville, Duval County, Florida, on November 23, 2012.

1

2. The Respondents, Ron Davis, individually and as Personal Representative of the Estate of Jordan Davis; Lucia McBath, individually and as Personal Representative of the Estate of Jordan Davis; L.B., a minor, by and through his parent and next friend Tanya Booth-Brunson; and T.T., a minor, by and through his parent and next friend Carlene Thompson, filed lawsuits (the "Davis Action" and "Thompson/Brunson Action," respectively) against Dunn arising out of the shooting incident and for which Dunn seeks a defense and indemnification from Progressive under the Policy.

3. The lawsuits against Dunn were filed in Duval County Circuit Court on or about January 31, 2013. Amended Complaints in those actions were filed March 4, 2103. A Second Amended Complaint was recently filed in the Thompson/Brunson Action.

4. Respondent, Tommie Stornes, Jr. made a similar demand (the "Stornes' demand") under the Policy to Progressive arising out of the shooting incident. The Stornes' demand was made by letter dated March 4, 2013.

5. The instant action was filed in this Court on April 17, 2013, by predecessor counsel. Due to a potential conflict of interest, predecessor counsel withdrew from representation of Progressive and the Order substituting the undersigned firm as counsel of record for Progressive was issued July 9, 2013. *See* (Doc. 9).

6. When the undersigned firm was substituted as counsel, the Respondents had not been served with the Petition.

7. The undersigned firm procured waivers from counsel for the

Respondents, Davis, McBath, Brunson, Thompson, and Stornes. Waivers of service of process were signed by John Phillips, Esquire, on behalf of Respondents, Ron Davis, individually and as Personal Representative of the Estate of Jordan Davis; Lucia McBath, individually and as Personal Representative of the Estate of Jordan Davis; L.B., a minor, by and through his parent and next friend Tanya Booth-Brunson; and T.T., a minor, by and through his parent and next friend Carlene Thompson, and were filed with this Court on July 19, 2013.[1]  *See* (Docs.11-15).  Waiver of service of process was signed by attorney Theodore Pina on behalf of Respondent Tommie Stornes and was filed with this Court on July 15, 2013.  *See* (Doc. 10).

8.     As to Respondent Dunn, the docket revealed that a summons had already been issued under predecessor counsel's name.  Accordingly, an alias summons was prepared by the undersigned firm.[2]  However, when the process server attempted to get the alias summons issued by the Clerk, he was advised that an alias summons was not needed as there was no filing of "non-service" as to the initial summons.  Accordingly, a new summons was prepared to reflect the undersigned firm as being current counsel for Progressive, and the process server was able to serve this summons and the Petition on Dunn in state court prison in Jacksonville, Duval County, Florida on August 29, 2013.[3]  However,

---

[1] Attorney Phillips filed a motion to dismiss, or in the alternative to stay, on behalf of his clients on August 12, 2013, (Doc. 15) to which Progressive filed its response in opposition (Doc. 21).
[2] An alias summons was believed necessary as the initial summons was in the name of the firm of predecessor counsel who had since withdrawn.
[3] When the process server initially attempted to serve Dunn at the state court prison, he was under the misimpression that Dunn was an employee, not an inmate, and therefore was unable to serve him on that date, but made a second trip to the jail after speaking with the undersigned firm to clarify the misunderstanding. The return of service reflecting this service on Dunn has been filed with the Court (Doc. 22).

under Fed. R. Civ. P. 4, service should have been effected on Dunn by August 15, 2013.

9. Meanwhile, because the Brunson/Thompson plaintiffs filed a second amended complaint in the state court action, Progressive filed a motion for leave to amend its Petition for Declaratory Relief in order to incorporate the operative complaint from that action in its pleadings, which motion the Court has granted.  *See* (Docs. 23, 24). The Amended Petition for Declaratory Relief was filed November 13, 2013.  (Doc. 25).

10. Therefore, by the instant motion, Progressive respectfully requests an extension of time in which to serve Dunn with the Amended Petition for Declaratory Relief.  Progressive respectfully request thirty (30) days from the date Progressive filed its Amended Petition for Declaratory Relief in which to serve Dunn with the Amended Petition.

11. Alternatively, Progressive requests the Court deem its August 29, 2013, service on Dunn of the summons and original Petition for Declaratory Relief to be timely.

12. No party will be prejudiced by the extension of time.  The statute of limitations has not run.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.  But if the

4

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Courts have interpreted Rule 4(m) to provide for discretion by the federal court to extend the time for service.  Specifically, the language of the rule which states that the court must [dismiss or enter] an "order that service be made within a specified time" supports that the Court has discretion to extend the time for service whether or not good cause is shown. *See Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005) (holding that Federal Rule of Civil Procedure governing extension of 120-day time period to effect service of process grants discretion to the district court to extend the time period, even in the absence of a showing of good cause for failure to effect timely service.)

In the instant case, there were a myriad of circumstances which resulted in the delay in Dunn being served, including the necessity of substituting counsel because of a potential conflict of interest,[4] the delay in the process of substituting counsel while the predecessor firm determined whether it had a conflict, the delay in moving the case forward until the substitution of counsel took place and the predecessor firm was no longer of record, the confusion surrounding the initial issued summons that was never served and the preparation of an alias summons which was not needed, and the process server's failure to serve Dunn on his first visit to the jail because he mistakenly thought Dunn was an employee,

---

[4] The undersigned believes the potential conflict involved an attorney who worked for Mr. Phillips' firm became associated with the Cole, Scott & Kissane firm.  Although there was not a clear conflict, to avoid any potential appearance of conflict, the Cole, Scott firm withdrew as counsel of record for Petitioner.

not an inmate.[5]  Petitioner submits that the foregoing supports good cause for granting an extension of time in which to effect service on Dunn.  However, the Court need not reach the determination as to whether or not good cause exists because Rule 4(m) gives the Court discretion to order Petitioner to effect service within a specified time.  Such extension of time is appropriate in these circumstances as dismissal of this action as to the Respondent Dunn would serve no useful purpose.  The case will continue as to the other parties and Petitioner could re-file another action against Dunn as there is no statute of limitations issue.  Thereafter, the cases would likely be consolidated as arising out of the same incident and the parties would be back in the same position.  Thus, dismissal would result in an inefficient and unnecessary delay.

WHEREFORE, Petitioner, Progressive Select Insurance Company, respectfully requests this Court enter an Order granting its motion, and ordering Progressive to effect service of the Amended Petition for Declaratory Relief on the Respondent Dunn within a specified period of time and authorizing and directing the Clerk to issue the attached summons for service by Progressive of the Amended Petition for Declaratory Relief on Respondent Michael Dunn.

Alternatively, Petitioner requests this court grant its motion and deem service of the Petition for Declaratory Relief effected August 29, 2013, on Respondent Michael Dunn to be timely.

### **CERTIFICATION OF RULE 3.01(g) CONFERRAL**

Counsel for Petitioner certify that they have conferred with attorneys

---

[5] Admittedly, the process server's first attempt was after August 15 so it was after the deadline in any event, but service would have been accomplished within days, rather than weeks, of the

Phillips and Pina who do not object to the relief requested by this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2013, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to John M. Phillips, Esquire, Counsel for Respondents, Davis, McBath, Brunson, and Thompson, at jphillips@knowthelawyer.com; and that a copy has been emailed and mailed to Theodore Pina, Jr., Esquire, Counsel for Respondent Stornes, ted@nicholsandpina.com, 300 W. Adams Street, Suite 130, Jacksonville, FL 32202; and a copy mailed by regular U.S. mail to Respondent Michael Dunn, c/o Duval County Jail, 500 E. Adams Street, Jacksonville, FL 32202.

        _s/ Jill D. Emerson_____
DANIEL A. MARTINEZ, ESQUIRE
Florida Bar No. 0009016
JILL D. EMERSON, ESQUIRE
Florida Bar No. 948993
Callahan & Martinez
2935 First Avenue North, Second Floor
St. Petersburg, Florida
Telephone: 727-894-3535
Facsimile: 727-502-9621
Attorneys for Progressive

---

deadline had it not been for the misunderstanding.